E-FILED; Prince George's Circuit Court
Docket: 10/3/2024 12:28 PM; Submission: 10/3/2024 12:28 PM
Envelope: 18273318

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
Civil Division

RS

JOANN HALL
3358 CLAY STREET NE
WASHINGTON, D.C. 20019
*Plaintiff*,

v.

John Doe

and

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
300 7th St, SW
Washington, DC 20024
*Serve Registered Agent*
General Council of Washington Area Transit
Authority
600 5th St, NW
Washington, DC 20001

*Defendants*,

Case No.:   C-16-CV-24-004759

**COMPLAINT**

(Negligence – Motor Vehicle Collison – Jury Trial Demand)

COMES NOW the Plaintiff, JoAnn Hall, (hereinafter known as "Plaintiff") by and through her attorney, Zach White, Esq. and the law offices of Morgan & Morgan DC, PLLC and sues the Defendant, Washington Metro and Transit Authority (hereinafter known as "WMATA") and states as follows:

**PARTIES**

1. That the Plaintiff a resident of the District of Columbia residing at 3358 Clay Street NE, Washington DC.

2. Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA") is a tri-jurisdictional government agency with its Principal Office at 600 5th Street NW, Washington DC, 20001 that regularly conducts business in the District of Columbia.

3. Defendant John Doe is/was an unknown employee of WMATA with its Principal Office at 600 5th Street NW, Washington DC, 20001.

## JURISDICTION AND VENUE

4. Venue is proper in Maryland pursuant to Section 6-202(8) of the Courts and Judicial Proceedings Article of the Maryland Annotated Code because the motor vehicle collision occurred in Prince George's County, Maryland.

    This Court has jurisdiction over this matter under Sections 1-501 and 4- 401 of the Courts and Judicial Proceeding Article of the Maryland Annotated Code.

## FACTS

5. On or about October 17, 2023, at approximately 4:38p.m., Ms. Hall was lawfully traveling in the turning lane turning into Eastern Avenue.

6. On or about October 17, 2023, the WMATA bus was driving on Benning Road, NE, when the Defendant, suddenly and without notice negligently drove in front of the Plaintiff's vehicle, colliding with the driver side of the Plaintiff's vehicle.

7. As a direct and proximate result of the collision as aforesaid, plaintiff suffered bodily injury.

## COUNT I
### Negligence-Defendant John Doe

8. Plaintiff incorporates paragraphs 1-7 as if fully set forth herein.

9. At all times relevant hereto, plaintiff was acting carefully, reasonably and prudently, and exercising due care and caution while exiting the WMATA bus.

10. Defendant John Doe operated WMATA in a negligent and careless manner in that:

    a. Defendant turned in front of the Plaintiff's vehicle in an unreasonable and dangerous manner;

    b. Defendant failed to maintain proper and adequate control of WMATA bus

    c. Defendant failed to observe due care and precaution for the safety of the Plaintiff;

    d. Defendant operated, managed and controlled the WMATA bus; in a careless and dangerous manner under the circumstances then and there existing;

    e. and in all other respects said Defendant was negligent.

11. Defendant's negligence caused the Plaintiff; to suffer from lower back, neck, right, and left shoulder pain.

12. Defendant owed plaintiff a duty of care to operate the WMATA bus; in a proper fashion, and breached his duty of care by failing to operate the WMATA bus; in a safe and proper manner.

13. As a direct and proximate result of the aforementioned acts and omissions of the defendant, Plaintiff suffered serious and permanent bodily injuries and suffered great pain and

mental anguish and was required to undergo and submit to medical treatment, care and attention for his injuries.

14. As a further direct and proximate result of Plaintiffs injuries and the negligence of the defendant, plaintiff has been put to substantial expense for medical care and treatment and the services of hospitals and physicians, required to treat his injuries and resulting infirmities and by that reason of the nature and extent of his injuries, may be compelled to seek medical care and attention in the future.

15. As a further direct and proximate result of the negligence of the Defendant, the plaintiff suffered an impairment of his wage-earning capacity.

16. That all of the foregoing injuries, damages and losses were the result of the carelessness, recklessness and negligence of Defendant John Doe and were not, in any way, attributable to the plaintiff, who at all times exercised due care, and was not in any way negligent or contributorily negligent either directly or indirectly.

## COUNT II: VICARIOUS LIABILITY OF WMATA

17. Plaintiff incorporates paragraphs 1-16 as if fully set forth herein.

18. Defendant WMATA is/was the owner of the vehicle Defendant John Doe was operating at the time of the incident.

19. At the time of the careless, negligent and reckless acts and omissions as set forth in this Complaint, Defendant John Doe was the agent, servant, employee and/or acting on behalf of Defendant WMATA, and thus acting as Defendant WMATA's agent, servant and/or on its behalf at the time of the accident.

20. As a direct and proximate result of each of the foregoing acts, omissions, and wrongdoing and breach of Defendant John Doe, each of which are attributable to Defendant WMATA,

the plaintiff was caused to sustain severe and permanent injury; caused to incur medical bills and expenses; and was caused to endure pain and suffering. Furthermore, the plaintiff was precluded from enjoying their usual employment and other avocations.

21. The injuries, grievances and damages as hereinabove set forth, were caused by the carelessness, negligence, and recklessness of the Defendant John Doe acting on behalf of Defendant WMATA, as stated herein, without any carelessness or negligence on the part of the plaintiff contributing thereto.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JoAnn Hall demands judgment against the Defendant, Washington Metropolitan Area Transit Authority, in an amount in excess of SEVENTY-FIVE-THOUSAND DOLLARS ($75,000.00) plus interest and costs.

Respectfully submitted,

/s/ *Zach White*
Zach White
Morgan & Morgan
1901 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 772-0554
Attorney ID: 2312141011
zwhite@forthepeople.com
*Attorney for the Plaintiff*

### CERTIFICATE AS REQUIRED BY MARYLAND RULE 20-201

I hereby certify that the foregoing does not contain any restricted information. I file this in accordance with Md. Rule 20-201(h).

Respectfully Submitted,

/s/ Zach White
Zach White

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues.

/s/ Zach White
Zach White
Morgan & Morgan
1901 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 772-0554
Attorney ID: 2312141011
zwhite@forthepeople.com
*Attorney for the Plaintiff*